**FILED**

NOV 0 2 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> CHRISTINE VO, <br> Defendant. | No. CR 09-00511-JW <br><br> **STIPULATED STATEMENT OF FACTS FOR PLEA AGREEMENT** |

The government and the defendant Christine Vo hereby stipulate that the following facts are true for purposes of the entry of my guilty plea in this case to count one, conspiracy to distribute 3,4 methylenedioxymethamphetamine, in violation of 21 U.S.C. § 846, 841(a)(1), and 841(b)(1)(C).

Beginning on or about May 1, 2009 and continuing through and including May 3, 2009, I entered into an agreement with Tony The Lam, Lillian Tran, and other individuals to distribute 3,4 methylenedioxymethamphetamine, also known as MDMA, or Ecstasy, in the Northern District of California. Pursuant to this agreement, Lam, Tran, and I agreed to receive a large quantity of MDMA tablets that were to be delivered to the San Jose, California area by an unknown individual

on or about May 3, 2009. The three of us further agreed that we would rent a storage locker in San Jose to store the MDMA tablets after we received them until we determined when and to whom they would be distributed. Pursuant to this agreement, the three of us rented a storage unit at a Public Storage facility on Blossom Hill Road in San Jose on or about May 1, 2009. The unit was rented in Lam's name, but Tran and I both gave cash to Lam to rent it.

I have read investigative reports prepared by law enforcement officers and on that basis agree that on May 2, 2009, an individual who was working as a cooperating source (CS) with United States Immigration and Customs Enforcement (ICE) met with two East Indian males in the Seattle, Washington area and picked up a black bag from them which contained a large quantity of what the CS and the East Indian males believed to be MDMA tablets. The East Indian males directed the CS to transport the drugs to the San Jose area where the CS was to await further instructions regarding delivery of the drugs. The CS then met by pre-arrangement with ICE agents in the Seattle area and delivered the bag and contents to them. ICE agents opened the bag and observed several heat-sealed plastic bags containing what they believed to be MDMA pills.

I have read investigative reports prepared by law enforcement officers and on that basis agree that on May 2, 2009, the CS flew to San Jose with ICE agents who transported the black bag containing the drugs. Agents devised a plan whereby the CS would meet with unknown individuals in the San Jose area and deliver the drugs to them, at which time agents would follow the unknown individual(s) and later arrest them.

I have read investigative reports prepared by law enforcement officers and on that basis agree that on May 3, 2009, one of the aforementioned East Indian males and the CS spoke by phone while the CS was in San Jose, at which time the East Indian male instructed the CS to contact a woman via telephone at phone number 408-300-4762.

The CS called that phone number and spoke with me. The CS informed me that he was in the San Jose area. I then instructed the CS to call "my brother, Tony", at 408-674-6052. I knew that "Tony" was one of my co-defendants, Tony The Lam. I also knew that the individual I was

**STIPULATED STATEMENT OF FACTS FOR PLEA AGREEMENT**
**CR 09-00511-JW**     2

speaking to was a person whom Lam, Tran, and I were expecting would deliver to us a large amount of MDMA tablets. The CS called the phone number I provided and spoke with Lam. After some discussion, Lam and the CS agreed to meet at the Coleman Shopping Center, located at the intersection of Coleman Avenue and Autumn Street in San Jose.

At approximately 12:10 p.m. on May 3, 2009, Lam arrived at the Coleman Shopping Center driving a 2004 Honda Civic. The Honda arrived at the scene with, and was accompanied by, a black station wagon occupied by me and co-defendant Lillian Tran. Tran was the driver and I was in the left rear passenger seat. Tran's two-year old son was in the front passenger seat. After introducing himself to Lam, the CS opened the trunk of his car. Lam removed the black bag containing what Lam, Tran, and I believed to be MDMA tablets from the CS's trunk and placed it inside the trunk of the Honda Civic. Tran and I remained inside the station wagon.

At approximately 12:15 p.m., Lam departed the location in the Honda Civic followed by the station wagon driven by Tran. ICE agents followed Lam to his residence at 1240 William Court, San Jose, where he exited his vehicle and walked up to and opened the front door. At that time, agents approached Lam and detained him. Agents also approached and detained Tran and me inside the station wagon.

I have read investigative reports prepared by law enforcement officers and on that basis agree that agents froze the house at 1240 William Court pending their application for a search warrant. Agents retrieved the keys to the Honda Civic from Lam's pants pocket and used them to open the trunk of the Civic where agents located and seized the aforementioned black bag and numerous pills which I believed contained MDMA and which Lam, Tran, and I intended to distribute to other individuals.

I have read investigative reports prepared by law enforcement officers and on that basis agree that the bag and contents were later submitted to the Drug Enforcement Administration (DEA) Laboratory in San Francisco which determined that the bag contained a total of 61,500 tablets containing 1-benzylpiperazine (BZP), a Schedule I controlled substance. The DEA Laboratory

**STIPULATED STATEMENT OF FACTS FOR PLEA AGREEMENT**
**CR 09-00511-JW**                    3

separately analyzed the tablets based on their color with the following results: (1) 30,336 white tablets containing a concentration of 137.1 milligrams of BZP per tablet, or a total of 4,159 grams of pure BZP; (2) 30,157 orange tablets containing a concentration of 131 milligrams of BZP per tablet, or a total of 3,950 grams of pure BZP; and (3) 1,007 purple tablets containing a concentration of 99.1 milligrams of BZP per tablet, or a total of 99.8 grams of pure BZP. In summary, the DEA Laboratory determined that the bag contained a total of 8,208.8 grams of pure BZP.

Dated: 11-02-09

CHRISTINE VO
Defendant

Dated: 11/02/02

ROBERT E. CAREY, JR.
Attorney for Christine Vo

Dated: 11/2/09

JOHN N. GLANG
Assistant United States Attorney

INTERPRETER CERTIFICATION

I, Quy Dao, hereby certify that I am a certified Vietnamese language interpreter and that I accurately translated this Stipulated Statement of Facts to the defendant Christine Vo, she told me that she understood it, and ~~I believe her answer was true and correct~~.

Dated: 11/2/09

Interpreter's signature

**STIPULATED STATEMENT OF FACTS FOR PLEA AGREEMENT**
**CR 09-00511-JW**                                     4